GARVEY & COMPANY, Appellants, v. GEORGE M. HAUCK, Respondent.

**Kansas City Court of Appeals, June 11, 1900.**

**Sales:** WARRANTY: PLEADING: EVIDENCE: BURDEN OF PROOF. It is error in an action to recover the price of a pump to admit evidence of the warranty of said pump and its failure, unless the same is pleaded in the answer, in which event the burden of proof will be on the defendant to show such warranty and the breach thereof; and plaintiff can reply thereto in rebuttal.

Appeal from the Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

REVERSED AND REMANDED.

*Crow & Eastin* for appellant.

The court, under the pleadings, erred in admitting testimony over plaintiff's objections tending to prove a warranty and a breach thereof; in refusing to permit plaintiffs, in rebuttal, to disprove a warranty or a breach thereof, and in giving instructions numbers 1 and 4 on behalf of defendant. Hay v. Short, 49 Mo. 139, cases cited; Brown v. Weldon, 27 Mo. App. 263; s. c., 99 Mo. 564; Stephens v. Supply Co., 67 Mo. App. 587; R. S. 1889, sec. 6138.

*Luke H. Moss* for respondent.

The evidence showing a guaranty of what the pump would do was admitted for the purpose of disproving appellants' pretended contract and not to enable respondent to recover anything by way of set-off or recoupment; there can be no question of its admissibility. Wilkerson's Adm'r v. Farnham, 82 Mo. 672; Tyler v. Larimore, 19 Mo. App. 445. Testimony offered by witness Zieghr that he put the pump in the well, tested it, and that it performed all its functions was evidence in chief and inadmissible after respondent rested his case.

ELLISON, J.—This action was instituted by filing a petition containing two counts. The first was for the price of a pump and attachments. The second was for some items of account. The answer was a general denial of the first count, and an admission of an indebtedness of $1.80 on the second, which sum was tendered plaintiff and refused and then tendered in court. The judgment was for plaintiffs for the $1.80 only, and they appeal.

The trial court admitted evidence over plaintiffs' objection that there was a warranty that the pump would do and perform service in a certain way and that there was failure of warranty. This was error. The warranty and failure thereof was new matter which should have been pleaded in the answer.

If the answer should be amended setting up the warranty and a breach thereof, the onus will be on defendant to establish the defense, plaintiffs being at liberty to offer evidence in rebuttal. The judgment is reversed and cause remanded. *Smith, P. J.*, concurs; *Gill, J.*, absent.